UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VEDA PARKER,

    Plaintiff,

v.                                                          CASE No. 8:06-CV-732-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.
_____

O R D E R

    The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, it will be affirmed.

I.

    The plaintiff, who was forty-seven years old at the time of the most recent administrative hearing, is a high school graduate (Tr. 879, 901).

---

[1]Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 7).

She has been employed, most relevantly, as a cashier/checker and a fast-food worker (Tr. 892). The plaintiff filed a claim for supplemental security income payments, alleging that she became disabled due to depression, and back and neck problems (Tr. 274). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge (Tr. 932). Following the hearing, the law judge denied the plaintiff's claim for disability (<u>see</u> Tr. 222). This decision was then vacated by the Appeals Council and the case was remanded to another administrative law judge for a second hearing (<u>see id</u>.).

Following the second hearing, the law judge found that the plaintiff had severe impairments of chronic cervical, thoracic and lumbar strain (Tr. 232). In light of these impairments, the law judge determined that the plaintiff had the residual functional capacity to perform the full range of light work (<u>id</u>.). Based on the testimony of a vocational expert, the law judge found the plaintiff was able to perform her past work as a cashier/checker, school crossing guard and fast food worker (Tr. 233). Thus, the law judge found that the plaintiff was not disabled (<u>id</u>.).

Upon the plaintiff's request for review, the Appeals Council again remanded the matter for another hearing (Tr. 240). The Appeals Council directed the law judge to give further consideration to examining and nonexamining source opinions and to the jobs the plaintiff had performed in the past fifteen years that constituted past relevant work (Tr. 241).

Upon remand, the law judge who had rendered the second decision held a third hearing (see Tr. 134). Following that hearing, the law judge found that the plaintiff had severe impairments of cervical and lumbar strain, thoracic and lumbar radiculitis, bilateral knee strain, and a history of fractured rib with costochondritis (Tr. 142). Based on these impairments the law judge concluded that the plaintiff had the ability to perform the full range of light work (id.). With the assistance of a vocational expert's testimony, the law judge determined that this limitation did not prevent the plaintiff from returning to her past relevant employment as a fast-food worker and cashier/checker (id.). Accordingly, the law judge found that the plaintiff was not disabled (id.). The Appeals Council let this decision stand as the final decision of the Commissioner.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

      Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

      The plaintiff challenges the law judge's decision on two closely related grounds. The plaintiff contends that the law judge erred in finding that the plaintiff's alleged urinary incontinence was not a severe impairment (Doc. 14, pp. 9-11) and erred in failing to credit fully the plaintiff's testimony concerning that alleged impairment (id. at pp. 11-13). Neither contention warrants reversal.

The law judge acknowledged the plaintiff's allegations of urinary incontinence (Tr. 135). He noted that "[t]he evidence further shows that the claimant was treated for urinary incontinence in 1999 and 2000 at the Family Care Medical Center" (Tr. 137). The law judge concluded that "[t]he record also reveals that the claimant's urinary incontinence has been treated adequately with medication, that it has not required referrals to urinary or surgical specialists and that it has not significantly limited her in her activities of daily living or in social function" (Tr. 140).

The law judge's finding that the plaintiff's urinary problem was treated adequately with medication is supported by substantial evidence. Thus, progress notes indicate that urinary frequency is improved with medication (Tr. 775, 777). The note of June 7, 2001, expressly states frequency "controlled by Detrol" (Tr. 807). Moreover, as the Commissioner points out, there are numerous progress notes thereafter where the space for "frequency" was left blank, thereby indicating that the plaintiff was not then suffering from urinary incontinence (Tr. 793, 795, 797, 802, 836; see also Tr. 843 ("Genitourinary symptoms/ none")).

The plaintiff's memorandum does not discuss any of this evidence. Rather, the plaintiff contends that "[t]he decision does not address the St. Joseph's Emergency Center Medical Record dated October 20, 2003[,]"

indicating urinary incontinence (T. 117)" (Doc. 14, p. 10). That contention is meritless for several reasons.

In the first place, since the law judge's decision was rendered on September 15, 2003, he clearly could not have considered the records from October 20, 2003. Importantly, post-decision evidence is not to be considered in determining whether the law judge's decision is supported by substantial evidence.[3] Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999).

Moreover, the reference to "[u]rinary incontinence" was in the section for "Past Medical History" (Tr. 117). The plaintiff on that occasion was being treated for a urinary tract infection (Tr. 118). A progress note indicates that that problem was "resolved" by October 27, 2003 (Tr. 81).

In addition, if post-decision records are to be considered – and, of course, they are not – they support the Commissioner's position, not the plaintiff's. Thus, the Commissioner refers to a number of post-decision progress notes that reflect the absence of a frequency problem (Tr. 29, 33, 35, 72, 74, 77, 79).

---

[3] While new evidence may support a remand under sentence six of 42 U.S.C. 405(g), Falge v. Apfel, supra, 150 F.3d at 1323, the plaintiff has made no such request. Moreover, even if such a request had been made, it would fail since, for the reasons about to be stated, the new evidence is not material.

The treatment notes of October 17, 2003, therefore, do not have any effect upon the law judge's decision. As indicated, the progress notes in the record provide substantial evidence supporting the law judge's finding that the plaintiff's urinary problem is adequately treated with medication.[4]

The plaintiff contends, further, that the law judge erred in failing to credit the plaintiff's testimony fully. This contention, also, focuses upon the allegation of urinary incontinence.

The Eleventh Circuit articulated a number of years ago a standard for assessing allegations of pain and other subjective complaints. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." This test applies not only to complaints of pain, but to other subjective symptoms, as well. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).

---

[4]It is noted that the plaintiff testified at the third hearing that her doctor was changing her medication for this problem (Tr. 870). There is no reason to think that the doctor was changing the medication for the worse.

In this case, the law judge found that the plaintiff's testimony concerning her limitations from urinary incontinence was not fully credible because the problem was "treated adequately with medication, ... it has not required referrals to urinary or surgical specialists, and ... it has not significantly limited her in her activities of daily living or in social function" (Tr. 140). These are explicit and adequate reasons for discounting the plaintiff's subjective complaints regarding urinary incontinence. Consequently, the law judge's credibility determination with respect to this impairment is to be sustained. Dyer v. Barnhart, supra.

As indicated, the only challenge to the law judge's credibility determination relates to her allegation of urinary incontinence. Accordingly, any further challenge to the credibility determination is deemed waived (see Doc. 12). In any event, as the Commissioner argues, the law judge's credibility determination concerning other impairments is supported by his evaluation of the record (Tr. 139-40).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is supported by substantial evidence and does not contain reversible error. Therefore, the

Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this <u>12th</u> day of June, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE